**Electronically Filed
Intermediate Court of Appeals
CAAP-10-0000061
22-SEP-2011
08:08 AM**

NO. CAAP-10-0000061

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I


STATE OF HAWAI'I, Plaintiff-Appellee, v.
CLIFFORD AKANA, Defendant-Appellant


APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(CR. NO. 01-1-1738)


SUMMARY DISPOSITION ORDER
(By: Foley, Presiding J., Reifurth, and Ginoza, JJ.)

Defendant-Appellant Clifford Akana (Akana) appeals from the Judgment (Judgment) filed on September 23, 2010 in the Circuit Court of the First Circuit (circuit court).[1]

In 2002, Akana entered guilty pleas[2] to six counts of Sexual Assault in the First Degree, in violation of Hawaii Revised Statutes (HRS) § 707-730(1)(b) (1993); eighteen counts of Sexual Assault in the Third Degree, in violation of HRS § 707-732(1)(b) (1993); and one count of Terroristic Threatening in the First Degree, in violation of HRS § 707-716(1)(d) (1993). Upon motion of the State of Hawai'i (State), the circuit court sentenced Akana on January 22, 2003 to extended terms of

---

[1] Except where otherwise noted, the Honorable Michael A. Town presided.

[2] Akana also pled guilty to one count of Continuous Sexual Assault of a Minor Under the Age of Fourteen Years, in violation of HRS § 707-733.5 (Supp. 2000); however, the circuit court dismissed this charge on February 13, 2003.

imprisonment on all counts to which he pled and entered a judgment.

Pursuant to Hawai'i Rules of Penal Procedure (HRPP) Rule 40, Akana filed a Petition to Vacate, Set Aside, or Correct Judgment or to Release Petitioner from Custody (Rule 40 Petition) on August 13, 2008. Akana's sole ground for relief was that pursuant to State v. Maugaotega, 115 Hawai'i 432, 168 P.3d 562 (2007), the extended term sentencing was unconstitutional on its face. On December 12, 2008, the circuit court granted the Rule 40 Petition, vacated Akana's sentence, and ordered a jury trial on the issue of the State's Motion for Extended Term of Imprisonment.

On September 23, 2010, a jury found on all counts to which Akana pled that he was a multiple offender and an extended term of imprisonment was necessary for the protection of the public. The circuit court entered the Judgment, imposing concurrent extended term sentences.

On appeal,[3] Akana contends:

(1) He was precluded from presenting an adequate defense when the circuit court denied his Ex-Parte Motion for Investigative Funds (Motion for Funds) to retain a forensic psychologist.

(2) The circuit court erred when it denied his oral motion to dismiss because there was insufficient evidence of factors to support an extended term of imprisonment for protection of the public.

---

[3] Akana's opening brief fails to cite to the electronic record as required by Hawai'i Rules of Appellate Procedure (HRAP) Rules 25 and 28. Akana's counsel is warned that future briefs must cite to the electronic record, if available.

The State's answering brief fails to comply with HRAP Rule 28(c) and (b)(3) by failing to include in the "Statement of Facts" (which this court interprets as "Statement of the Case"), "record references supporting each statement of fact or mention of court . . . proceedings." The Deputy Prosecuting Attorney is warned that future non-compliance with Rule 28(c) and (b)(3) may result in sanctions against him.

(3)    Jury Instructions 27 through 31 were erroneous or irrelevant.

(4)    The circuit court improperly admitted into evidence his prior conviction.

Upon careful review of the record and the briefs submitted by the parties and having given due consideration to the arguments advanced and the issues raised by the parties, as well as the relevant statutory and case law, we resolve Akana's points of error as follows:

(1)    The circuit court did not abuse its discretion when it denied Akana's Motion for Funds.  "Under HRS § 802-7, the court may provide a criminal defendant with funds for expert assistance 'upon a finding that such funds are necessary for an adequate defense.'"  State v. Hoopii, 68 Haw. 246, 248, 710 P.2d 1193, 1195 (1985).  Before an extended term sentence may be imposed on a defendant, the fact finder must determine the State has proven that (1) the defendant is a multiple offender being sentenced for two or more felonies, and (2) the extended sentence is necessary for protection of the public.  HRS § 706-662(4) (Supp. 2000).[4]

In Akana's Motion for Funds, he argued that to determine whether an extended sentence was necessary to protect the public, "the jury would need to examine [Akana's] past life,

---

[4]   HRS § 706-662(4)(a) provides:

§706-662  Criteria for extended terms of imprisonment.  A convicted defendant may be subject to an extended term of imprisonment under section 706-661, if the convicted defendant satisfies one or more of the following criteria:
. . . .

(4)    The defendant is a multiple offender whose criminal actions were so extensive that a sentence of imprisonment for an extended term is necessary for protection of the public.  The court shall not make this finding unless:

(a)    The defendant is being sentenced for two or more felonies or is already under sentence of imprisonment for felony[.]

3

not only his prior convictions, but other life experiences, and his present life and stressors, in other words, his psychological state, in order to make a sound judgment on his future dangerousness to the community."

Akana cites to no authority to support his contention that the jury must examine his past life experiences and psychological state in order to determine the need for an extended sentence to protect the public. Pursuant to HRS § 706-662(4), a jury need only determine that the "defendant is a multiple offender whose criminal actions were so extensive that a sentence of imprisonment for an extended term is necessary for protection of the public." Pursuant to HRS § 706-606 (1993),[5] the court must consider a defendant's history and characteristics in determining the sentence to impose, but even then "[t]he fact that a court does not orally address every factor stated in HRS § 706-606 at the time of sentencing does not mean the court failed to consider those factors." State v. Sinagoga, 81 Hawai'i 421, 427-28, 918 P.2d 228, 234-35 (App. 1996), overruled on other

---

[5]  HRS § 706-606 provides:

§706-606  Factors to be considered in imposing a sentence. The court, in determining the particular sentence to be imposed, shall consider:

    (1)    The nature and circumstances of the offense and the history and characteristics of the defendant;

    (2)    The need for the sentence imposed:

        (a)    To reflect the seriousness of the offense, to promote respect for law, and to provide just punishment for the offense;

        (b)    To afford adequate deterrence to criminal conduct;

        (c)    To protect the public from further crimes of the defendant; and

        (d)    To provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner; and

    (3)    The kinds of sentences available[.]

grounds by <u>State v. Veikoso</u>, 102 Hawai'i 219, 227 n.8, 74 P.3d 575, 583 n.8 (2003).

Furthermore, Akana did not need expert testimony to rebut the State's expert testimony because the State had made it clear that it did not intend to offer expert testimony unless Akana offered expert testimony.

Because Akana failed to establish that the services of a forensic psychologist were necessary for an adequate defense, the circuit court did not abuse its discretion when it denied Akana's Motion for Funds.

(2) The circuit court did not abuse its discretion when it denied Akana's motion to dismiss. Under HRS § 706-662(4)(a), Akana was subject to an extended term of imprisonment because he was a multiple offender whose criminal actions were so extensive that a sentence of imprisonment for an extended term was necessary for protection of the public and he was being sentenced for two or more felonies.

The jury heard evidence regarding a prior sexual assault conviction, where Akana approached a girl on the beach, knelt near her with his penis exposed, showed her a rock in his hand, and commanded her to "suck my dick or I'll hit you with a rock." She threw sand in his eyes, and he responded by hitting her on the head five times with the rock. There was substantial evidence to support the findings of the jury that Akana qualified for an extended term sentence. <u>State v. Richie</u>, 88 Hawai'i 19, 33, 960 P.2d 1227, 1241 (1998). The evidence was sufficient for the circuit court to deny Akana's motion to dismiss.

(3) The circuit court did not err in giving its jury instructions. Akana contends that Jury Instructions 27 through 31 were erroneous or irrelevant.

On appeal, Akana makes an argument regarding Jury Instruction 27, which he failed to object to below. Where jury instructions were not objected to, the burden is on the appellant to rebut the "presumption that unobjected-to jury instructions

are correct." State v. Nichols, 111 Hawai'i 327, 337 n.6, 141 P.3d 974, 984 n.6 (2006).

Akana contends the circuit court stated an incorrect burden of proof in Jury Instruction 27 when it advised the jury members that "you may consider" the HRS § 706-606 factors. He argues that the HRS § 706-606 factors "must be proved beyond a reasonable doubt." We disagree.

The jury's duty under HRS § 706-662(4) was to determine whether Akana was subject to an extended term sentence of imprisonment. See Supplemental Commentary on §§ 706-661 and 662 (Supp. 2010) (Act 1 of the 2007 Haw. Sess Laws, 2d Spec. Sess., amended HRS §§ 706-661, 706-662, and 706-664 to require "that a jury determine the facts necessary to impose an extended term of imprisonment . . . and that facts necessary to impose an extended term of imprisonment are proven beyond a reasonable doubt."). Once the jury determined Akana was eligible for an extended term sentence, it was then the duty of the circuit court to consider the HRS § 707-606 factors in imposing the extended sentence. State v. Ortiz, 91 Hawai'i 181, 195-96, 981 P.2d 1127, 1141-42 (1999). In making its findings, the jury certainly could have considered the sentencing factors listed in HRS § 706-606, but they were under no duty to do so. HRS § 706-606 does not provide elements to be proved; rather, the statute provides factors the court must consider when it imposes a sentence. Akana did not meet his burden to rebut the presumption that Jury Instruction 27 was correct.

At his sentencing hearing, Akana objected to Jury Instructions 28 and 29. On appeal, Akana contends the instructions "were not relevant," but provides no argument as to why they were not relevant. Where a point is not argued, it may be deemed waived. HRAP Rule 28(b)(7).

Akana failed to object to Jury Instructions 30 and 31 at the hearing. Again, on appeal, he contends the instructions "were not relevant," but fails to provide an argument. Where a

point is not argued, it may be deemed waived.  HRAP Rule 28(b)(7).

(4)  The circuit court did not err when it admitted Akana's prior conviction into evidence.  Evidence of a prior conviction is admissible when it is relevant and its probative value outweighs its prejudicial value.  State v. Behrendt, 124 Hawaiʻi 90, 102, 237 P.3d 1156, 1168 (2010); see Hawaii Rules of Evidence Rules 401 through 404.  Akana argues that his prior conviction was old and irrelevant, its probative value was outweighed by its prejudicial effect, and it was inadmissible "propensity evidence" of his character.  Akana had already been convicted of the felonies that were the subject of the instant case.  The evidence of the prior conviction was admitted to establish that he presented a danger to the public; the very evidence required by HRS § 706-662(4)(a).  The circuit court did not abuse its discretion when it admitted evidence of Akana's prior conviction to assist the jury in determining whether or not he presented a danger to the public.  Behrendt, 124 Hawaiʻi at 102-03, 237 P.3d at 1168-69.

Therefore,

IT IS HEREBY ORDERED that the Judgment filed on September 23, 2010 in the Circuit Court of the First Circuit is affirmed.

DATED:  Honolulu, Hawaiʻi, September 22, 2011.

On the briefs:

Dana S. Ishibashi
for Defendant-Appellant.

Brian R. Vincent,
Deputy Prosecuting Attorney,
City and County of Honolulu,
for Plaintiff-Appellee.

Presiding Judge

Associate Judge

Associate Judge